UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAYMOND ROSAS,

                          Plaintiff,                  Case No.: 12 CV 6557-VB-HBP

   -against-

BALTER SALES CO. INC., ARNOLD BALTER,
individually, MARK BALTER, individually, and
BARRY ROSENBERG, individually,

                          Defendants.
-------------------------------------------------------------------X

## PLAINTIFF'S LOCAL CIVIL RULE 56.1
## COUNTER-STATEMENT OF MATERIAL FACTS

Plaintiff, RAYMOND ROSAS, hereby submits the following counter-statement of material facts responding to the statement of Defendants.

1. Balter Sales Co. Inc. ("Balter Sales") is a family-owned business that engages in the sale and delivery of restaurant supplies to restaurants and similar businesses across the tri-state area. Affidavit of Marc Balter ("Balter Aff.") ¶¶ 4-5.

**RESPONSE:** Plaintiff admits the facts in this paragraph.

2. Balter Sales employs approximately 35 people. *Id.* ¶ 4.

**RESPONSE:** Plaintiff admits the facts in this paragraph.

3. Balter Sales has operated on the Bowery of lower Manhattan for over a century. *Id*.

**RESPONSE:** Plaintiff admits the facts in this paragraph.

4. Plaintiff Raymond Rosas ("Rosas") was hired as a driver for Balter Sales in 2010. Declaration of Lisa M. Sofio ("Sofio Decl."), Ex. Y.

**RESPONSE:** Plaintiff admits the facts in this paragraph.

5. On December 28, 2011, Rosas's route included deliveries of Item No. 3795 (champagne flutes) to Elmo's Restaurant and Becco, another restaurant. *See* Rosas Tr. at 200-201, 223; Rosenberg Tr. at 18; Marc Balter Tr. at 32-3; Sofio Decl., Exs. D, F, G-H, K, L, O.

**RESPONSE:** Plaintiff admits the facts in this paragraph to the extent that Defendants produced a "Fleetmatics" report detailing the locations of one of Defendant Balter Sales Company's trucks dated December 28, 2011, which include coordinates near Elmo Restaurant and Becco. However, Plaintiff testified that he was responsible for 28 stops and could not remember what restaurants he personally made deliveries to during the very busy week of New Years. (Rosas Tr. 189:17-190:2; [1] 201:11-13; 206:11-16; Freedman Decl. Ex. B).

6. In accordance with Balter Sales policy, warehouse employee Barry Rosenberg checked that all of the items for the Elmo's Restaurant and Becco orders were assembled onto "flats" or "pallets" for Rosas to load onto his truck. Rosas Tr. at 198, 200, and 207; Rosenberg Tr. at 24; Sofio Decl., Ex. G-H, K-L; Rosenberg Aff. ¶ 5.

**RESPONSE:** Plaintiff disputes the facts in this paragraph. Defendant Marc Balter and Defendant Barry Rosenberg both testified that at no time over the course of the video produced by Defendants and dated December 28, did Defendant Rosenberg check any items on the pallet. Plaintiff does admit that Defendant Rosenberg testified that he did sign the bottom of the packing slip for the December 28, 2011 delivery to Elmo Restaurant. (Pl. Aff. ¶¶24-25; Balter Tr. 59:7-10; 60:4-7; 67:6-7; Rosenberg Tr. 43:11-44:21; 17:10-18; 29:5-10; Rosas Tr. 206:11-16; Freedman Decl. Ex. C).

---

[1] All of the deposition transcripts referred to herein are cited as "[deponent name] Tr. at [page number:line number]" and are being submitted to Your Honor on a CD in accordance with Your Honor's Individual Practice Rule 4.D.

7. After checking the orders for completeness, Rosenberg initialed the sales order form to indicate that all merchandise was on the flats and ready for delivery, after which Rosas left the warehouse to complete his route. *See* Rosas Tr. at 198; 208-9; Rosenberg Tr. at 23; Sofio Decl., Exs. D, F, G-H, K-L; Rosenberg Aff. ¶ 6.

**RESPONSE:** Plaintiff disputes the facts in this paragraph. Defendant Marc Balter and Defendant Barry Rosenberg both testified that at no time over the course of the video produced by Defendants and dated December 28, did Defendant Rosenberg check any items on the flats for completeness. Plaintiff does admit that Defendant Balter testified that he did initial the bottom of a packing slip for a December 28, 2011 delivery to Elmo Restaurant. (Pl. Aff. ¶¶24-25; Balter Tr. 59:7-10; 60:4-7; 67:6-7; Rosenberg Tr. 43:11-44:21; 17:10-18; Freedman Decl. Ex. C).

8. Later that day, Balter Sales received a telephone call from Minerva Taron from Elmo's Restaurant stating that her order was missing eight dozen champagne flutes (Item No. 3795). Taron Tr. at 21-24; Sofio Decl., Ex. G, K, O; Balter Aff. ¶ 5.

**RESPONSE:** Plaintiff admits the facts in this paragraph.

9. Taron was angry because this was an important item that her restaurant needed for its New Year's Eve celebration. Taron Tr. at 19; Sofio Decl., Ex. K.

**RESPONSE:** Plaintiff admits the facts in this paragraph.

10. Marc Balter attempted to call Rosas on his cell phone to inquire about the missing glasses, but he would not answer his phone the entire day. *See* Sofio Decl., Ex. K; Balter Aff. ¶

**RESPONSE:** Plaintiff disputes the facts in this paragraph. Plaintiff never received a call from Marc Balter on December 28, 2011. (Pl. Aff. ¶17).

11. The next day, when asked what happened to the missing glasses, Rosas stated that he did not know. *See* Rosas Tr. at 189; Sofio Decl., Ex. K-L; Balter Aff. ¶ 12.

**RESPONSE:** Plaintiff admits the facts in this paragraph to the extent he testified that he did not know what restaurants Defendant Marc Balter was talking about. (Pl. Aff. ¶15; Rosas Tr. 189:2-190:10).

12. Item No. 3795 is one of Balter's most popular items and the store ensures that the stock is plentiful leading up to New Year's Eve, thus it would be unlikely for the item to have been on backorder. *See* Sofio Decl., Ex. K; DiBiasi Tr. at 43-44; Balter Aff. ¶ 10; Lori Balter Tr. at 37.

**RESPONSE:** Plaintiff admits that Item No. 3795 is one of Balter's most popular items. However, Cam Pardo testified that Defendant Balter Sales had run out of champagne flutes in the past. (Pardo Tr. 38:3-15).

13. Rosas's paperwork for the December 28, 2011 Elmo's Restaurant delivery appears to have been manipulated after he left the warehouse. Specifically, he changed the number "8" in the "shipped" column for Item No. 3795 to a "0" with a line through it. He also changed the total cartons shipped to a "13" from a "21." *See* Sofio Decl., Exs. D, G, K; Balter Aff. ¶ 9.

**RESPONSE:** Plaintiff disputes the facts in this paragraph. Plaintiff testified that his writing does not appear anywhere on the packing slip for the December 28, 2011 Elmo Restaurant delivery and that his signature is not on the packing slip. (Pl. Aff. ¶20; Rosas Tr: 201:8-10; 209:13-23; Freedman Decl. Ex. E).

14. On December 28, 2011, Balter Sales also received an angry call from a customer at Becco who did not receive champagne flutes. *See* Sofio Decl., Ex. H, K, O; Balter Aff. ¶ 6.

**RESPONSE:** Plaintiff admits that Defendant Balter's affidavit contained the language attributed to it.

15. The paperwork for this delivery also appears to have been manipulated in that the "2" in the ship column was changed to a "0" with a line through it. Sofio Decl., Exs. F, H, K; Balter Aff. ¶ 9.

**RESPONSE:** Plaintiff admits that the "2" in the "Q-SHP" column appears to have been changed to a "0" with a line through it. Plaintiff disputes the facts in this paragraph to the extent that Defendants are insinuating that Plaintiff actually manipulated the packing slip for the December 28, 2011 delivery to Becco. Plaintiff testified that his writing does not appear anywhere on the packing slip and that he did not recognize the packing slip. (Pl. Aff. ¶21; Rosas Tr. 223:14-224:16; Freedman Decl. Ex. F).

16. When Marc Balter asked Rosas what happened to the champagne flutes, he stated that he did not know. *See* Rosas Tr. at 189; Balter Aff. ¶ 12; Sofio Decl., Ex. K-L.

**RESPONSE:** Plaintiff admits the facts in this paragraph to the extent he testified that he did not know what restaurants Defendant Marc Balter was talking about. (Pl. Aff. ¶15; Rosas Tr. 189:2-190:10).

17. Balter Sales sent replacement shipments of champagne flutes to both Elmo's Restaurant and Becco. Balter Aff. ¶ 13; Sofio Decl., Exs. H, I.

**RESPONSE:** Plaintiff admits the facts in this paragraph.

18. Later that week, Rosas was scheduled to make a delivery to Pigalle, another restaurant, of six cases of Item No. 3795 (champagne flutes). *See* Thomas Tr. at 16-17; Sofio Decl., Exs. I, K, O; Balter Aff. ¶¶ 14-15.

**RESPONSE:** Plaintiff admits that Lucille Thomas of Pigalle testified that Pigalle was to receive an order of champagne flutes. However, Plaintiff was responsible for 28 stops and could not remember what restaurants he personally made deliveries to during the very busy week of New Years. (Rosas Tr. 189:17-190:2; 201:11-13; 206:11-16; Thomas Tr. 16:2-6).

19. Pigalle never received their champagne flutes and called Balter to complain. *See* Thomas Tr. at 17-18; Balter Aff. ¶ 14; Sofio Decl., Ex. K, O; Lori Balter Tr. at 23-24, 53-54.

**RESPONSE:** Plaintiff admits the facts in this paragraph.

20. Marc Balter immediately spoke to the manager who had pulled and checked Rosas's deliveries that morning, Arthur DiBiasi. *See* Sofio Decl., Ex. K; Balter Aff. ¶ 15.

**RESPONSE:** Plaintiff admits that Defendant Balter's affidavit contains the language attributed to it.

21. When Balter told DiBiasi what had happened, DiBiasi was angry because he distinctly remembered loading the six cases of Item No. 3795 that morning. *See* Dibiasi Tr. at 17-20, 28-35; Sofio Decl., Ex. K, N; Balter Aff. ¶ 15.

**RESPONSE:** Plaintiff admits that Defendant Balter's affidavit contains the language attributed to it. Plaintiff disputes the facts in this paragraph to the extent that Plaintiff distinctly testified that he did not recall making a delivery to Pigalle on December 30, 2011, that his handwriting did not appear anywhere on the packing slip for the delivery to Pigalle, and that he did not know whether the order shipped or not. (Pl. Aff. ¶¶ 22, 26; Rosas Tr. 250:2-23; Freedman Decl. Ex. G).

22. Balter Sales sent Pigalle a replacement shipment of the six cases of champagne glasses. *See* Thomas Tr. at 18-19; Sofio Decl., Ex. C; Balter Aff. ¶ 16; Lori Balter Tr. at 52, 54.

**RESPONSE:** Plaintiff admits the facts in this paragraph.

23. Since this was the third incident where the same item went missing in one week, Marc Balter decided to check the video surveillance with the assistance of Barry Rosenberg. Balter was able to confirm that all three missing orders (Elmo's Restaurant, Becco, and Pigalle) were assembled on Rosas's pallets for delivery. *See* Sofio Decl., Exs. I, K; Balter Aff. ¶ 17.

**RESPONSE:** Plaintiff disputes the facts in this paragraph. As previously set forth, Defendant Marc Balter and Defendant Barry Rosenberg both testified that at no time over the course of the video produced by Defendants did Defendant Rosenberg, or any other Balter Sales employee, check any items on the pallet. Defendant Balter and Defendant Rosenberg also did not confirm that Defendant Rosenberg or any other Balter Sales employee, checked any items on Plaintiff's pallet. Plaintiff testified that he did not recall making a delivery on December 28, 2011 to Elmo Restaurant or Becco. Plaintiff testified that he did not recall making a delivery on December 30, 2011 to Pigalle. Plaintiff also testified that his handwriting was nowhere to be found on the packing slips in question for Elmo Restaurant, Becco and Pigalle. (Rosas Aff. ¶¶20-22, 24-26; Balter Tr. 59:7-10; 60:4-7; 67:6-7; Rosenberg Tr. 43:11-44:21; 17:10-18; Rosas Tr. 249:23-250:23; Freedman Decl. Ex. C-G.

24. After reviewing the video evidence, Marc Balter immediately attempted to contact Rosas to discuss the matter with him. *See* Marc Balter Aff. ¶ 18; Sofio Decl., Ex. I, K.

**RESPONSE:** Plaintiff disputes the fact in this paragraph. Plaintiff never received a call from Marc Balter on December 30, 2011. (Pl. Aff. ¶18. Rosas Tr. 251:25-252:4).

25. Rosas would not pick up his phone and did not return a message Balter left with a woman at his home. *See* Balter Aff. ¶ 18; Sofio Decl., Ex. I.

**RESPONSE:** Plaintiff disputes the facts in this paragraph. Plaintiff never received a call from Marc Balter on December 30, 2011 and never received a message that Marc Balter had attempted to reach me at my house. (Pl. Aff. ¶18; Rosas Tr. 251:25-252:4)

26. Balter was not able to speak to Rosas until the next workday Tuesday, January 3, 2012. *See* Balter Aff. ¶ 19.

**RESPONSE:** Plaintiff admits the statements in this paragraph to the extents that on January 3, 2012, the day of his termination, he had a conversation with Defendant Marc Balter in Balter's office. (Pl. Aff. ¶14-15; Rosas Tr. 186:4-189:19).

27. During this meeting, Rosas could not explain the missing merchandise and claimed he lost the paperwork for the Becco delivery. *See* Balter Aff. ¶ 19; Sofio Decl., Ex. K.

**RESPONSE:** Plaintiff disputes the facts in this statement to the extent that he never lost any white portion of the packing sheet for Defendants. Plaintiff also testified that he did not know what happened to the merchandise. (Pl. Aff. ¶¶15, 19; Rosas Tr. 215: 6-8; 254:17-21).

28. Balter terminated Rosas in this meeting on the grounds of theft and explained that if he did not tell Balter who he was selling the merchandise to, he would report the crimes to the police. *See* Sofio Decl., Ex. J. *See* Balter Aff. ¶ 19; Lori Balter Tr. at 20-21.

**RESPONSE:** Plaintiff admits the facts in this statement to the extent that Defendant Marc Balter did tell Plaintiff that if he did not tell Balter who he was selling merchandise to, Balter would report the crimes to the police and to the extent that Balter did fire Plaintiff under the pretext that Plaintiff had stolen from Defendant Balter Sales. (Rosas Tr. 189:2-191:14).

29. There was no mention made of Plaintiff's race during this January 3, 2012 meeting. *See* Rosas Tr. at 186-91; Balter Aff. ¶ 20.

**RESPONSE:** Plaintiff admits the facts in this statement.

30. Later in the month, another Balter customer, Beacon, called to complain about a missing item, specifically goblet glasses (Item No. 04757), from an order. Sofio Decl., Exs. K, O; Balter Aff. ¶ 23.

**RESPONSE:** Plaintiff admits the facts in this statement to the extent that Marc Balter's affidavit contains the language attributed to it.

31. When Balter reviewed the paperwork for this order, they learned that this order had been assigned to Rosas. *See* Sofio Decl., Ex. E, K; Balter Aff. ¶ 23.

**RESPONSE:** Plaintiff disputes the facts in this statement. Plaintiff testified that he did not recognize the packing slip for a December 1, 2011 delivery to Beacon. Plaintiff also testified that his handwriting is nowhere to be found on the packing slip. (Pltf's Aff. ¶23; Rosas Tr. 252:22-253: Freedman Decl. ¶H).

32. The paperwork for this delivery appears to have been manipulated to reflect that "0" boxes were shipped, instead of the original "4." Sofio Decl., Ex. E, K, O; Balter Aff. ¶ 23.

**RESPONSE:** Plaintiff admits that the "4" in the "Q-SHP" column appears to have been changed to a "0" or that the "0" in the "Q-SHP" column appears to have been changed to a "4." Plaintiff disputes the facts in this paragraph to the extent that Defendants are insinuating that Plaintiff actually manipulated the packing slip for the December 1, 2011 order to Becco. Plaintiff testified that his writing does not appear anywhere on the packing slip and that he did not recognize the packing slip. (Pl. Aff. ¶23; Rosas Tr. 252:22-253; Freedman Decl. ¶H).

33. In this instance, the manipulation is quite obvious since the pink copy Balter retained reflects the original "4." Sofio Decl., Exs. E, K, O.

**RESPONSE:** Plaintiff admits that the "4" in the "Q-SHP" column appears to have been changed to a "0" or that the "0" in the "Q-SHP" column appears to have been changed to a "4."

Plaintiff disputes the facts in this paragraph to the extent that Defendants are insinuating that Plaintiff actually manipulated the packing slip for the December 1, 2011 order to Becco. Plaintiff testified that his writing does not appear anywhere on the packing slip and that he did not recognize the packing slip. (Pl. Aff. ¶23; Rosas Tr. 252:22-253; Freedman Decl. ¶H).

34. Drivers will sometimes need to make changes to the packing order slips to reflect missing or backordered items. *See* Rosas Tr. at 222; Rivera Tr. 133:8-135:3).

**RESPONSE:** Plaintiff admits the facts in this statement. (Rosas Tr. 208:7-12; 219:20-220:21; 229:5-230:7; Mungo Tr. 29:15-17; 66:2-19).

35. With respect to the missing merchandise at issue here, however, it appears that Rosas attempted to cover up the fact that a change was made because rather than write the change next to the original number as he did on lines 6-8 of the Beacon Packing Slip/Sales Order, he wrote over the original numbers for all of the other missing items and attempted to disguise the fact that an alteration was made. *See* Sofio Decl., Exs. C-F.

**RESPONSE:** Plaintiff admits that the "4" in the "Q-SHP" column appears to have been changed to a "0" or that the "0" in the "Q-SHP" column appears to have been changed to a "4." Plaintiff disputes the facts in this paragraph to the extent that Defendants are insinuating that Plaintiff actually manipulated the packing slip for the December 1, 2011 order to Becco. Plaintiff testified that his writing does not appear anywhere on the packing slip and that he did not recognize the packing slip. Plaintiff also testified that he did not change the packing slips for the December 28, 2011 delivery to Elmo Restaurant, the December 28, 2011 delivery to Becco, and the December 30, 2011 delivery to Pigalle as his handwriting was nowhere to be found on the packing slips. (Pl. Aff. ¶¶ 20-23; Rosas Tr. 189:17-190:2; 201:8-10; 209:13-23; 249:23-250:23; 252:22-253; Freedman Decl. Exs. D-H).

36. Plaintiff complained to his Union Representative of Local 348-S about Balter Sales's termination of his employment at some time in January 2012. Sofio Decl., Ex. U.

**RESPONSE:** Plaintiff admits the facts in this statement. (Pl. Aff. ¶28; Rosas Tr. 63:15-64:4).

37. The Union Representative concluded that based on the facts presented by Plaintiff, his case could not be won. The Union Representative provided Plaintiff with an opportunity to request further review by the Union's Grievance Committee, but he did not do so. *See* Sofio Decl., Ex. U; Rosas Tr. at 75 and 194-5.

**RESPONSE:** Plaintiff disputes the facts in this paragraph. Following Plaintiff's termination from Balter Sales Co. Inc., he reached out to grieve to his Union, Local 348-S. He spoke with a Union Representative of Local 348-S on the phone. During the conversation, he told the Representative about the folder where he had kept the checks on which Barry Rosenberg had drawn penises. The Union's response was that they could not do anything to further assist Plaintiff because they were under federal indictment. (Pl. Aff. ¶¶9, 28; Rosas Tr. 63:15-64:4).

38. Balter Sales employee Camilo Pardo was not aware that Rosas was accused of stealing from multiple customers, as opposed to just Elmo's Restaurant. *See* Pardo Tr. at 46.

**RESPONSE:** Plaintiff admits the facts in this statement.

39. All of the employees who were asked whether they ever heard Marc Balter refer to Raymond Rosas's "Latin attitude" denied ever hearing this comment. *See* Pardo Tr. at 50; Mungo Tr. at 61; Lori Balter Tr. at 26-27; Rosenberg Aff. ¶ 8.

**RESPONSE:** Plaintiff admits the facts in this statement.

40. Marc Balter and Raymond Rosas had limited interaction during the workday as Rosas spent most of his day on his truck or in the warehouse and Marc Balter spent most of his day in the office. Rosas Tr. at 132; Balter Aff. ¶ 27.

**RESPONSE:** Plaintiff disputes the facts in this paragraph. Plaintiff and Marc Balter interacted approximately three times per week during the course of Plaintiff's employment with Balter Sales Co. Inc. (Pl. Aff. ¶6; Rosas Tr. 132:2-9).

41. Rosas does not know Barry Rosenberg's sexual orientation. Rosas Tr. at 40.

**RESPONSE:** Plaintiff admits the facts in this statement.

42. During the time Rosas was employed at Balter Sales, all of the drivers were males. Balter Aff. ¶ 28.

**RESPONSE:** Plaintiff admits the facts in this statement.

43. None of the paystubs Plaintiff produced in discovery contained any drawings of penises. *See* Sofio Decl., Ex. T.

**RESPONSE:** Plaintiff admits the facts in this statement. However, Plaintiff testified that he kept a folder in Defendant Balter Sales' truck that had checks with penises drawn by Defendant Rosenberg in the folder, and that on the day of his termination, he did not take the folder with him. (Pl. Aff. ¶9; Rosas Tr. 60:8-61:18).

44. Other than Rosas, all of the other drivers who were deposed testified that Anthony Castriello typically distributed paychecks. Pardo Tr. at 47-48; Mungo Tr. at 51; Rivera Tr. at 27; DiBiasi Tr. at 11; Rosenberg Aff. ¶ 10.

**RESPONSE:** Plaintiff disputes the facts in this statement. Mark Mungo testified that every time he got a paycheck with a penis drawn on it that Barry Rosenberg was the Balter Sales employee who had handed him the paycheck. Plaintiff further denies the facts in this statement

to the extent it mischaracterizes Rivera's testimony. Rivera testified that Castriello would put the checks in his desk drawer on Thursday and then on Friday morning, whoever was sitting at the table that day would issue the checks out to everybody. Mark Mungo testified that Defendant Rosenberg handed his paychecks to him. (Rosas Tr. 33:18-19 ; Mungo Tr. 20:9-21; 50:21-51:4; Rivera Tr. 27:2-28:5)

45. Barry Rosenberg did not have the power to hire and fire employees, supervise or control employee work schedules or employment conditions, determine rate and methods of payment, and/or maintain employment records. *See* Rosenberg Aff. ¶ 15; Balter Aff. ¶ 29; Rosas Tr. at 32; Pardo Tr. at 42; Lori Balter Tr. at 6, 36.

**RESPONSE:** Plaintiff admits the facts in this statement. However, Cam Pardo only testified that Lori Balter had authority to hire and fire employees, and Lori Balter only testified that Marc Balter had the authority to hire and fire employees. Neither one testified that Barry Rosenberg did not have the authority to hire and fire employees. (Lori Balter Tr. 6:15-18; Cam Pardo 42:15-17).

46. On January 4, 2012, Marc Balter filed a police report with the New York City Police Department Fifth Precinct regarding Rosas's theft of merchandise from Balter Sales. *See* Sofio Decl., Ex. P; Balter Aff. ¶ 22.

**RESPONSE:** Plaintiff admits the facts in this statement to the extent that Defendant Marc Balter filed a complaint with the New York City Police Department Fifth Precinct regarding his belief that Plaintiff allegedly stole merchandise from Defendant Balter Sales.

47. Plaintiff testified that he engaged an attorney to represent him with respect to the claims asserted in this lawsuit one or two weeks after he was terminated. Rosas Tr. at 192.

**RESPONSE**: Plaintiff admits the facts in this statement. However, on January 3, 2012, the day of Plaintiff's termination, he told Marc Balter that he intended to retain an attorney to pursue a harassment and discrimination claim against Balter Sales Co. Inc. Plaintiff retained counsel a week and a half later. Plaintiff's current counsel then sent a claim letter/litigation hold letter to Balter Sales Co. Inc., dated January 13, 2012. (Pl. Aff. ¶16).

48. Plaintiff's attorney did not contact Balter Sales until January 13, 2012. Sofio Decl., Ex. M.

**RESPONSE**: Plaintiff admits the facts in this statement to the extent that Plaintiff's current counsel, the Arcé Law Group, sent a claim letter/litigation hold letter dated January 13, 2012. However, Plaintiff told Defendant Balter that he would be obtaining an attorney to pursue a harassment and discrimination claim against Defendants on the day of his termination. (Pl. Aff. ¶16; Rosas Tr. 192:17-22).

49. The New York City Police Department determined that there was probable cause to arrest Rosas for petit larceny. *See* Sofio Decl., Exs. Q, S.

**RESPONSE**: Plaintiff disputes the facts in this paragraph. The documents speak for themselves. Neither Exhibit Q nor Exhibit S to the Declaration of Lisa Sofio references anything about probable cause.

50. The New York District Attorney's Office charged Rosas with petit larceny. *See* Sofio Decl., Ex. Q, S, BB.

**RESPONSE**: Plaintiff admits the facts in this statement. The criminal case against Plaintiff was dismissed.

51. Plaintiff is currently earning more money than he made while employed at Balter Sales. Rosas Tr. at 32-33, 153.

**RESPONSE:** Plaintiff admits the facts in this statement.

52. Defendant Balter Sales asserted a counterclaim in this case on January 3, 2013 because, due to a procedural error on the part of the New York District Attorney, the District Attorney was no longer able to pursue the criminal case against Plaintiff. *See* McGuire Decl. ¶ 3; Sofio Decl., Ex. R.

**RESPONSE:** Plaintiff disputes the facts in this paragraph. The criminal case against Plaintiff was dismissed on procedural grounds.

53. Thus, a claim in a civil suit was Balter Sales's only chance of recovering the value of its stolen merchandise. *See* McGuire Decl. ¶ 4.

**RESPONSE:** Plaintiff admits the facts in this statement to the extent that Michael McGuire's affidavit contains the language attributed to it. However, Plaintiff denies the veracity of this statement as Defendants' criminal case against Plaintiff was dismissed on procedural grounds.

54. Rosas was arrested for driving under the influence in 2008. Rosas Tr. at 17-19, 159; Sofio Decl., Ex. AA.

**RESPONSE:** Plaintiff admits the facts in this paragraph.

55. On March 21, 2013, Rosas's wife sought and received an order of protection against Rosas based on his violent behavior dating back to 2011, when a previous order of protection had been entered against Rosas. Sofio Decl., Exs. V-X.

**RESPONSE:** Plaintiff disputes Defendants' characterization of Plaintiff's testimony. Plaintiff testified that he never exhibited any violent behavior. Plaintiff further testified that his wife sought an order of protection in July 2011, which was subsequently dissolved in August 2011, after an argument during which Plaintiff did not display any physically violent behavior.

The argument arose because Plaintiff had been drinking more than usual in 2011 as a result of the stressful circumstances surrounding his job at Balter Sales Co. Inc., including the discrimination and harassment he was experiencing. (Rosas Tr. 262:10-13).

56.     The only physical harm he suffered with respect to the allegations in the Amended Complaint is the police putting handcuffs on him too tight. *See* Rosas Tr. at 157-58.

**RESPONSE:** Plaintiff admits that he testified that he suffered physical harm when the police put handcuffs on him too tightly. However, Plaintiff also testified that he suffered physical harm when Defendant Barry Rosenberg sexually harassed him. (Rosas Tr. 40:15-41:10; 107:4-17; 58:19-25; 92:23-25).

57.     Arnold Balter is retired from Balter Sales and was not involved in active management of the company during the time period that Rosas was employed. Balter Aff. ¶ 30.

**RESPONSE:** Plaintiff admits the facts in this statement to the extent that Defendant Marc Balter's affidavit contained the language attributed to it. However, Arnold Balter was present as an employee during the course of Plaintiff's employment and a corporate employee can be subject to individual liability if he has an ownership interest in the corporate employer. *Gallegos v. Elite Model Mgmt. Corp.*, 28 A.D. 3d 50 (N.Y. App. Div. 1st Dep't 2005). (Pl. Aff. ¶4; Rosas Tr. 57:11-12; 23-25).

58.     During the time period that Rosas was employed as a driver at Balter Sales, there were white drivers. Rosas Tr. at 135-36.

**RESPONSE:** Plaintiff admits the facts in this statement.

Dated: April 28, 2014
      New York, New York

                                                  **ARCÉ LAW GROUP, P.C.**

                                                  Respectfully submitted,

                                                  */s/ Alexandra L. Freedman*
                                                  Alexandra L. Freedman
                                                  30 Broad Street, 35th Floor
                                                  New York, NY 10004
                                                  (212) 248-0120
                                                  *Attorneys for Plaintiff*


TO:    Lisa M Sofio, Esq.
          Michael McGuire, Esq.
          Hollyer Brady LLP
          60 East 42nd Street, Suite 1825
          New York, NY 10165
          (212) 661-1903
          *Attorneys for Defendants*