```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
RAYMOND ROSAS,                                               :
                                                             :
                            Plaintiff,                       :
                                                             :          12-CV-6557 (VSB)
             - against -                                     :
                                                             :                ORDER
BALTER SALES CO. INC., et al.,                               :
                                                             :
                            Defendants.                      :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/2015

VERNON S. BRODERICK, United States District Judge:

As discussed at the November 6, 2015 final pre-trial conference, I am in receipt of Plaintiff's *in limine* motions seeking (1) the exclusion of witnesses who were not listed on Defendants' Rule 26(a) Initial Disclosures and (2) the exclusion of evidence related to the family court petition and related protective orders imposed on Plaintiff. I also am in receipt of Defendants' *in limine* motion seeking the exclusion of evidence supporting a finding that Plaintiff did not steal from Balter Sales. I have considered the parties' arguments and rule as stated below.

    **I.    Trial Witnesses**

Plaintiff's motion to exclude the witnesses not included on Defendants' initial disclosures is granted. Defendants filed initial disclosures on January 3, 2013. (Doc. 11.) On May 30, 2013, Judge Colleen McMahon, to whom this case was originally assigned, approved the parties' proposed case management plan and set the close of discovery for December 23, 2013. (Doc. 33.) Defendants filed their summary judgment motion on March 20, 2014. (Doc. 53.) On March 30, 2015, I granted in part and denied in part Defendants' motion. (Doc. 76.) While

Defendants did make a supplemental disclosure of additional witnesses following my order on their motion for summary judgment, they did so on March 30, 2015, more than a year after the close of discovery. Defendants did not seek my leave to reopen discovery; in fact, I only recently became aware that such disclosures were made. Furthermore, there is no evidence in the record that Defendants sought and obtained the agreement of Plaintiff to reopen discovery.

A party's failure to disclose a witness in accordance with Federal Rule of Civil Procedure 26(a)(1)'s initial disclosures requirements means that "the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless." Initial disclosures must be made "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). As discovery had long been closed at the time of Defendants' supplemental disclosure, the disclosure of Maria Patcheko, Carmen Santana, Ed Cordero, Anthony Pasariello, "A Custodian of Records for United Food & Commercial Workers Union Local 348-S", Detective Simon Chan, and Jada Rosas was not timely. Defendants have not attempted to explain why their failure to include these witnesses was "substantially justified or is harmless" in light of Plaintiff's lack of an opportunity to depose or otherwise take discovery from these witnesses, nor have Defendants addressed any of the factors relevant to a preclusion request, *see Softel, Inc. v. Dragon Medical & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). Accordingly, Defendants may not present these witnesses at trial.

## II.     Family Court Petition and Protective Orders

On November 13, 2015, Plaintiff submitted copies of the March 2013 family court petition and protective orders that are the subject of Plaintiff's second *in limine* motion. Plaintiff's motion is granted insofar as Plaintiffs seeks exclusion of the protective orders and

family court petition.  These documents are not on their face directly relevant to Plaintiff's claims of discrimination.  The documents are also hearsay and Defendants have not identified an exception under which the documents could be admitted in evidence.  However, the alleged conduct related to the Family Court Petition and Protective Orders may be relevant and admissible if Plaintiff places his conduct after the termination of his employment in issue.

### III.     Balter Sales' Counterclaim

Defendants seek to "preclude[e] Plaintiff from disputing or introducing any evidence to dispute that Plaintiff stole property from Defendant Balter Sales."  Defendants argue that because Plaintiff did not answer Balter Sales' counterclaim, which was asserted in Balter Sales' Answer and Counterclaim, (Doc. 10), Plaintiff has admitted the allegations that Plaintiff stole property from Balter Sales.  Plaintiff argues in opposition that Defendants' counterclaim should be deemed abandoned.  Both of these arguments fail.

As Plaintiff observes, Defendants' request comes at a very late date.  Balter Sales asserted its counterclaim for conversion on January 3, 2013.  (Doc. 10.)  On January 22, 2013, Plaitniff filed an amended complaint.  (Doc. 15.)  On April 11, 2013, the Clerk entered a certificate of default, (Doc. 23), and on April 19, 2013, Plaintiff moved for a default judgment, (Doc. 25).  On May 13, 2013, Defendants answered the amended complaint, (Doc. 29), and on May 22, Judge McMahon denied Plaintiff's motion for a default judgment in light of that answer, (Doc. 32).  The answer did not reassert Balter Sales' counterclaim.  Plaintiff never filed an answer to the counterclaim and Balter Sales never moved for default or took any other action with regard to the counterclaim until now.

Although Plaintiff did not technically answer the counterclaim, Plaintiff's amended complaint includes numerous allegations directly addressing the counterclaim.  For example,

Plaintiff alleges that the counterclaim was filed in retaliation for Plaintiff bringing his suit, that "Defendants fi[le]d their counterclaim knowing that the alleged 'stolen merchandise' had not been stolen and had been recovered," and that "Defendants fi[le]d their counterclaim knowing that . . . [it] lacks/lacked merit." (Doc. 15 ¶¶ 49-50.) Plaintiff has consistently denied that he stole any merchandise from Balter Sales and argued in opposition to summary judgment that Balter Sales' purported reason for firing him—the theft—was a manufactured pretext. Although the counterclaim itself was not part of Defendants' summary judgment motion, the underlying facts—the facts that Defendants now seek to exclude—were central to summary judgment. Despite that being the case, Defendants did not argue at summary judgment, or at any other time prior to filing their (untimely) *in limine* motion,[1] that Plaintiff should not be allowed to make arguments related to the veracity of the theft allegations. Moreover, although I gave Defendants multiple opportunities to provide support for their claim that the counterclaim should be deemed admitted *given this context*, they have not done so.[2] Defendants' eve-of-trial request to resolve in their favor an issue of substantial importance to this litigation—one that was a subject of Plaintiff's amended complaint, extensive discovery, and summary judgment—is denied.

For similar reasons, Plaintiff's cross-motion to deem the counterclaim abandoned also is denied. As discussed herein, the parties proceeded with discovery on the facts underlying the counterclaim and the counterclaim itself was the subject of one of Plaintiff's retaliation

---

[1] Defendants filed their motion *in limine* on November 4, 2015, after the deadline for motions *in limine* had passed and after I stated that I would not accept *in limine* motions "absent a showing of extraordinary circumstances." (Doc. 96.) Plaintiff's *in limine* motions also were filed late. Neither party attempted to explain why their motions were not filed in a timely manner; however, as I stated at the November 6, 2015 conference, I have nevertheless considered the substance of the parties' arguments.

[2] *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48 (E.D.N.Y. 2008), and *Heinzeroth v. Golen*, No. 84-2407, 1990 WL 238354 (E.D. Pa. Dec. 28, 1990), which Defendants cite, are inapposite. Those cases involved requests for default judgment; Defendants made not such a request here. In addition, as the *Pall* court noted, the Second Circuit has a "strong preference" for resolving disputes on the merits and not by default judgment. *Pall*, 249 F.R.D. at 56. That preference militates in favor of denying Defendants' motion because, despite framing the issue differently, Defendants seek, in essence, a finding that Plaintiff has defaulted on his obligation to respond to the counterclaim.

allegations.  Plaintiff was not proceeding as if the counterclaim had been abandoned; therefore, its argument that it was abandoned is not plausible.  In any event, were I to consider the substance of Plaintiff's abandonment claim, I decline to find on the facts presented that Defendants abandoned their counterclaim.

### IV. Non-Unanimous Verdict

"Unless the parties stipulate otherwise, the [jury's] verdict must be unanimous."  Fed. R. Civ. P. 48.  Defendants do not agree to a non-unanimous verdict.  (*See* Doc. 105.)  In light of that disagreement, the jury's verdict must be unanimous.

### V. Conclusion

(1) Plaintiff's motion *in limine* with respect to trial witnesses is granted.

(2) Plaintiff's motion *in limine* with respect to evidence related to the family court petition is granted in part and denied in part.

(3) As previously indicated to the parties, Defendants' motion for an extension on the time to submit supplemental material on their motion *in limine*, (Doc. 109), was GRANTED.  The Clerk's Office is directed to terminate the pending motion at Doc. 109.

(4) Defendants' motion *in limine* to deem Balter Sales' counterclaim admitted and to exclude evidence disputing that admitted fact is denied.  Plaintiff's cross-motion to deem the counterclaim abandoned also is denied.

(5) The jury's verdict must be unanimous.

SO ORDERED.

Dated: November 15, 2015
      New York, New York

Vernon S. Broderick
United States District Judge