UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X Index No.: 12-cv-6557-VSB-HBP
RAYMOND ROSAS,

Plaintiff,

-against-

BALTER SALES CO. INC., ARNOLD BALTER, individually, MARK BALTER, individually, and BARRY ROSENBERG, individually,

Defendants.
--------------------------------------------------------------X

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AS THE PREVAILING PARTY FOR THE ABOVE CAPTIONED MATTER**

**ARCÉ LAW GROUP, P.C.**
Gregory W. Kirschenbaum, Esq.
30 Broad Street, 35th Floor
New York, NY 10004
(212) 248-0120

*Attorneys for Plaintiff*

# TABLE OF CONTENTS


**INTRODUCTION** ........ 1

**RELEVANT PROCEDURAL HISTORY** ........ 1

**ARGUMENTS** ........ 2

**I. PLAINTIFF IS THE PREVAILING PARTY** ........ 2

**II. THE LEGAL STANDARD FOR AN AWARD OF ATTORNEYS' FEES** ........ 3

**A. Calculating The Lodestar** ........ 3

**B. Calculating A Reasonable Hourly Rate** ........ 3

**C. Calculating The Number Of Hours Reasonably Expended** ........ 4

**D. Applying A Multiplier** ........ 5

**E. Determining The Reasonableness Of The Fee** ........ 5

**III. PLAINTIFF SEEKS AN AWARD OF REASONABLE ATTORNEYS' FEES** ........ 5

**A. Counsel's Reasonable Hourly Rate** ........ 5

**B. The Number Of Hours Reasonably Expended On The Litigation** ........ 12

**C. Plaintiff's Expert Fee** ........ 12

**D. The Reasonableness Of The Fee** ........ 13

**CONCLUSION** ........ 15

# TABLES OF AUTHORITIES

**Cases**

*Abdell v. City of N.Y.*,
2015 U.S. Dist. LEXIS 25510 (March 2, 2015) ........ 9

*Allende v. Unitech Design, Inc.*,
783 F. Supp. 2d 509 (S.D.N.Y. Mar. 15, 2011) ........ 3

*Andrews v. City of N.Y.*,
2015 U.S. Dist. LEXIS 101115 (S.D.N.Y. Aug. 3, 2015) ........ 9, 10

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
493 F.3d 110 (2d Cir. 2007) ........ 3, 5

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
537 F.3d 132 (2d Cir. 2008) ........ 5, 15

*Blum v. Stenson*,
465 U.S. 886 (1984) ........ 4

*Chambless v. Masters, Mates, & Pilots Pension Plan*,
885 F.2d 1053 (2d Cir. 1989) ........ 4

*Cohen v. W. Haven Bd. Of Police Comm'rs*,
638 F.2d 496 (2d Cir. 1980) ........ 4

*Farbotko v. Clinton County of New York*,
433 F.3d 204 (2d Cir. 2005) ........ 4, 6, 11

*Farrar v. Hobby*,
506 U.S. 103 (1992) ........ 5, 15

*Febus v. Guardian First Funding Grp., LLC*,
870 F. Supp. 2d 337 (S.D.N.Y. 2012) ........ 14

*Goldberger v. Integrated Res. Inc.*,
209 F.3d 43 (2d Cir. 2000) ........ 3, 5, 13, 14

*In re Initial Pub. Offering Sec. Litig.*,
671 F. Supp. 2d 467 (S.D.N.Y. 2009)........................................................................... 14

*In re Telik Sec. Litig.*,
576 F. Supp. 2d 570 (S.D.N.Y. 2008)............................................................................. 5

*In re Visa Check/Matermoney Antitrust Litig.*,
297 F. Supp. 2d 503 (E.D.N.Y. 2003) .......................................................................... 14

*Kassim v. City of Schnectady*,
415 F.3d 246 (2d Cir. 2005)..................................................................................... 2, 14

*Leviatian v. Sun Life & Health Ins. Co. (U.S.)*,
2013 U.S. Dist. LEXIS 105686 (S.D.N.Y. July 24, 2013) ....................................... 7, 10

*Merck Eprova AG v. Gnosis S.P.A.*,
No. 07 Civ. 5898 RJS, 2013 U.S. Dist. LEXIS 18321 (S.D.N.Y. Mar. 17, 2011) ..................... 7, 9

*Mills v. Capital One*,
2015 U.S. Dist. LEXIS 133530 (S.D.N.Y. Sep. 30, 2015)......................................... 14

*New York State Ass'n for Retarded Children, Inc. v. Carey*,
711 F.2d 1136 (2d Cir. 1983)......................................................................................... 4

*Perdue v. Kenny A. ex rel Winn*,
559 U.S. 542 (2010)....................................................................................................... 3

*Raishevich v. Foster*,
247 F.3d 337 (2d Cir. 2001)........................................................................................... 2

*Raniola v. Bratton*,
2003 U.S. Dist. LEXIS 7199 (S.D.N.Y. Apr. 18, 2003)............................................... 8

*Reiter v. Metro. Transp. Auth. Of the State of New York*,
No. 01 Civ. 2762, 2007 U.S. Dist. LEXIS 71008 (S.D.N.Y. Sept. 25, 2007) .............................. 12

*Robinson v. City of N.Y.*,
2009 U.S. Dist. LEXIS 89981 (S.D.N.Y. Sep. 29, 2009)............................................. 8

*Rozell v. Ross-Holst*,
576 F. Supp. 2d 527 (S.D.N.Y. 2008)........................................................................ 7, 10, 11

*Saunders v. City of N.Y.*,
2009 U.S. Dist. LEXIS 115366 (S.D.N.Y. Dec. 9, 2009) ........................................................... 10

*Simmons v. New York City Transit Authority*,
575 F.3d 170 (2d Cir. 2009)............................................................................................... 5

*Torres v. City of New York*,
No. 07-Civ.-3473 (GEL), 2008 U.S. Dist. LEXIS 11027 (S.D.N.Y. Feb. 14, 2008 ...................... 3

*Townsend v. Benjamin Enters.*,
No. 05 Civ. 9378 (GAY), 2009 U.S. Dist. LEXIS 127501 (S.D.N.Y. Oct. 2, 2009) ................ 8, 9

*Watkins v. Smith*,
2013 U.S. Dist. LEXIS 67182 (S.D.N.Y. May 10, 2013)......................................................... 8, 11

**Statutes**

42 U.S.C. §1981.................................................................................................................. 3, 14

42 U.S.C. §1988 (2015) ...................................................................................... 1, 2, 12, 14

N.Y.C. Admin. Code §8-502(f) (2015)......................................................................................... 2

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 54, 42 U.S.C. §1988, and the United States District Court for the Southern District of New York's December 9, 2015 Final Judgment, Plaintiff hereby submits the within motion for reasonable attorneys' fees and costs, as the prevailing party for the above captioned matter. (A true and correct copy of the United States District Court of the Southern District of New York's Final Judgment dated December 9, 2015 is attached as Exhibit A to the Declaration of Gregory W. Kirschenbaum, Esq.).

This motion seeks attorneys' fees for Alexandra Freedman, Esq., who was the attorney of record at the beginning of the litigation, handled discovery and Plaintiff's Summary Judgment Opposition, Bryan S. Arce, Esq., who was the managing partner for all aspects of the litigation and who conducted the depositions and discovery, Derek T. Smith, Esq., who was lead trial counsel for this matter, and Gregory W. Kirschenbaum, Esq., who was second chair trial counsel and drafted the instant motion.

## RELEVANT PROCEDURAL HISTORY

On August 27, 2012, Plaintiff filed the instant litigation in the United States District Court of the Southern District of New York. Thereafter, Defendants filed the Answer and Counterclaim on January 3, 2013. On January 22, 2013, Plaintiff amended his Complaint to add additional causes of action related to Defendants' filing of the counterclaim. Subsequently, Defendants failed to timely answer the Amended Complaint and on April 15, 2013, Plaintiff made a motion for default. Defendants finally answered the Amended Complaint on May 13, 2013. Therefore, the District Judge denied the motion for default.

During discovery Plaintiff issued two (2) sets of Interrogatories and four (4) sets of Document Demands. Defendants issued one (1) set of Interrogatories and three (3) sets of

Document Demands. Defendants took Plaintiff's and William Rivera's depositions. Plaintiff took Defendant Marc Balter's, Defendant Barry Rosenberg's, Lori Balter's, Mary Lucille Thomas', Arthur DiBiasi's, Minerva Taron's, Mark Mungo's, and Cam Pardo's depositions. At the end of discovery, Defendants made a motion for summary judgment which was largely denied by Honorable Vernon S. Broderick on March 30, 2015.

An eight (8) day trial was held for the instant matter and Plaintiff won on all counts. The District Court entered judgment on December 9, 2015. The instant motion is made within fourteen (14) days of the entry of judgment.

## ARGUMENTS

### I. PLAINTIFF IS THE PREVAILING PARTY

As the prevailing party of the instant litigation Plaintiff is entitled to a reasonable attorney's fee as part of the cost. "In any action or proceeding to enforce a provision of section … 1981 of the Revised Statutes [42 USCS §§ 1981-1983, 1985, 1986] … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988 (2015). Similarly, "[i]n any civil action commenced pursuant to [section 8-502 of the NYCHRL], the court, in its discretion, may award the prevailing psrty costs and reasonable attorney's fees." N.Y.C. Admin. Code §8-502(f) (2015). "In the Second Circuit, the district court's discretion is narrow and a prevailing party in a [§1981] case **is presumptively entitled to reasonable attorney's fees under 42 U.S.C. §1988."** *Kassim v. City of Schnectady*, 415 F.3d 246, 251 (2d Cir. 2005) (emphasis added) (internal quotations omitted); *see Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001) ("Although a district court typically has wide discretion in choosing whether to deny attorneys' fees, … this discretion is narrowed by a presumption that successful civil rights litigants should ordinarily

recover attorneys' fees unless special circumstances would render an award unjust."). In the instant matter, it is undisputed that Plaintiff brought suit under 42 U.S.C. §1981. Likewise, it is undisputed that Plaintiff was the prevailing party as the jury found liability on each of Plaintiff's claims. *See* Ex. A to the Declaration of Gregory W. Kirschenbaum, Esq. Therefore, Plaintiff is entitled to a reasonable fee.

## II. THE LEGAL STANDARD FOR AN AWARD OF ATTORNEYS' FEES

### A. Calculating The Lodestar

Under the lodestar method, a prevailing party seeking an award of attorneys' fees ascertains the number of hours reasonably billed in the matter and then multiplies that figure by an appropriate hourly rate. *See Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). In evaluating a party's request for an award of attorneys' fees, courts first determine a reasonable hourly rate, which is then used as the basis to evaluate the "presumptively reasonable fee." See, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 493 F.3d 110, 117-118 (2d Cir. 2007).[1]

### B. Calculating A Reasonable Hourly Rate

In setting the reasonable hourly rate, "a court must determine what a reasonable paying client would be willing to pay for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked." *Torres v. City of New York*, No. 07-Civ.-3473 (GEL), 2008 U.S. Dist. LEXIS 11027, at *1 (S.D.N.Y. Feb. 14, 2008) (citing *Arbor Hill*, 493 F. 3d at 112). Courts must make a "case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel

[1] Although this Court cast doubt upon using the lodestar method in *Arbor Hill*, 522 F.3d at 190, subsequently, in *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 551 (2010), the Supreme Court endorsed the lodestar method. See, *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514, n.4 (S.D.N.Y. Mar. 15, 2011).

[, which] may…include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005). *See also*, *Blum v. Stenson*, 465 U.S. 886, 896 (1984) (the "prevailing market rate" is the rate 'prevailing in the [relevant] community for similar services by lawyers of comparable skill, experience, and reputation.'").

"Fees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award." *Cohen v. W. Haven Bd. Of Police Comm'rs,* 638 F.2d 496, 506 (2d Cir. 1980). In addition, as noted above, courts may take judicial notice of rates awarded in prior cases. *Farbotko*, 433 F.3d at 209. However, this Court has cautioned against "[r]ecycling rates awarded in prior cases without considering whether they continue to prevail [which] may create disparity between compensation available under § 1988(b) and compensation available in the marketplace." *Id.* at 209. "[T]he fee applicant has the burden of showing by 'satisfactory evidence - - in addition to the attorney's own affidavits' - - that the requested hourly rates are the prevailing market rates." *Id.* (quoting *Blum*, 465 U.S. at 896, n.11.)

**C. Calculating The Number Of Hours Reasonably Expended**

In order to calculate the reasonable number of hours expended, the fee application must be supported by contemporaneous time records, affidavits and other materials. *See Chambless v. Masters, Mates, & Pilots Pension Plan*, 885 F.2d 1053, 1058 (2d Cir. 1989). The contemporaneous time records must show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983).

### D. Applying A Multiplier

"Once the lodestar is calculated, the court may, in its discretion, increase the lodestar by applying a multiplier based on other less objective factors, such as the risk of the litigation and the performance of the attorneys." *In re Telik Sec. Litig.*, 576 F. Supp. 2d 570, 585 (S.D.N.Y. 2008) (internal quotations omitted) (quoting *Goldberger*, 209 F.3d at 47).

### E. Determining The Reasonableness Of The Fee

In the last phase of evaluating the reasonableness of the fees sought, courts must consider "case-specific variables that [this Court] and other courts have identified as relevant to the reasonableness of attorney's fees." *Arbor Hill*, 522 F.3d at 190. In determining reasonableness this Court should consider (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) quality of representation; (5) the requested fee in relation to settlement and (6) public policy considerations. *Goldberger*, 209 F.3d at 50. **"[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained**." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992); *See also Barfield v. N.Y.C. Health & Hosps. Corp.,* 537 F.3d 132, 152 (2d Cir. 2008).

## III. PLAINTIFF SEEKS AN AWARD OF REASONABLE ATTORNEYS' FEES

### A. Counsel's Reasonable Hourly Rate

Under the "forum rule," courts "generally use the hourly rates employed in the district in which the reviewing courts sits." *Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009). Because the underlying litigation occurred in the Southern District of New York and because the courthouse where this matter was heard is located in Manhattan, counsel submits evidence of the prevailing market rates for the Southern District of New York.

In determining the prevailing market rate and, more specifically, the reasonable hourly rate of the fee applicant, courts consider (1) prior awards in other cases and their own awareness of rates in the community, (2) direct evidence of prevailing market rates from practitioners, and (3) direct evidence of the fee applicant's own market rates. *Farbotko*, 433 F.3d at 208-210.

***1. Derek T. Smith***

The following cases establish that the prevailing market rate for a civil rights attorney who is a managing partner in the Southern District of New York with twenty-one (21) years of experience is **$600 per hour**. Derek T. Smith graduated from Dickinson Law in 1994 and was admitted to practice law in the State of New York in 1995, the State of New Jersey in 1996 and the Commonwealth of Pennsylvania in 1996. Smith Decl., ¶2. Counsel has almost exclusively represented clients in civil rights litigation since he opened up his own law firm in 1995. Smith Decl. ¶7. Mr. Smith has experience at both the appellate and trial level. Smith Decl. ¶¶9, 10. Along with the trial in the instant matter, Mr. Smith recently won a significant jury award of $4.025 million for his client in a disability discrimination suit brought in the New York State Supreme Court, County of New York; *Serdans v. New York Presbyterian Hospital*, Index No.: 100675/2012. Additionally, in March 2012, Mr. Smith won another significant jury award of $1.6 million for his client in an employment discrimination suit brought in New York State Supreme Court, County of New York; *Salemi v. Mary Ann's Tribeca, Inc.*, 117115/2007. Moreover, Mr. Smith has been named by SuperLawyers as one of the top 5% lawyers in Employment Law as well as by Newsweek magazine as one of the top lawyers. Additionally, the above employment law verdicts were the largest employment law verdicts in New York State for 2012 and 2014. Smith Decl. ¶12.

Therefore, the precedent relied on below primarily involve market rates for civil rights counsel who have been practicing for a significant number of years.

In *Leviatian v. Sun Life & Health Ins. Co. (U.S.)*, 2013 U.S. Dist. LEXIS 105686 (S.D.N.Y. July 24, 2013), the District Court determined the market rate for the founding partner of an ERISA litigation firm was **$600 per hour.**

In *Merck Eprova AG v. Gnosis S.P.A.*, No. 07 Civ. 5898 RJS, 2013 U.S. Dist. LEXIS 18321, *4-5 (S.D.N.Y. Mar. 17, 2011), the court determined the market rate in **2009 and 2010**, **for partners was $600 per hour.**

In *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 545-46 (S.D.N.Y. 2008), the court determined the market rate **in 2008** for attorneys at a civil rights employment law firm to be **$600 per hour** for partners.

Accordingly, the precedent above supports that the prevailing market rate for Derek T. Smith is **$600 per hour.**

***2. Bryan S. Arce***

The following cases establish that the prevailing market rate for a managing partner civil rights attorney in the Southern District of New York with five (5) years of experience is between **$350** and **$450** per hour. Bryan S. Arce graduated from Brooklyn Law School in 2009 and was admitted to practice law in the State of New Jersey in 2009 and in the State of New York in 2010. Arce Decl., ¶¶2, 5. Counsel is also admitted to practice law in Washington D.C., the State of Pennsylvania and the Second Circuit Court of Appeals. Arce Decl. ¶1. Counsel is the managing partner of the Arcé Law Group, P.C. and oversees all of the firm's Associate's cases, as well as litigating cases of his own. Arce Decl. ¶¶7, 8. Mr. Arce has experience at both the appellate and trial level. Arce Decl. ¶¶9, 10, 11. Most recently, in March 2012, Mr. Arce won a

significant jury award of $1.6 million (as co-counsel with Mr. Smith) for his client in an employment discrimination suit brought in New York State Supreme Court, County of New York; *Salemi v. Mary Ann's Tribeca, Inc.*, 117115/2007.

Additionally, on May 10, 2013, in response to a motion for sanctions in *Watkins v. Smith, et al.*, 12-cv-4635, the Honorable Denise Cote, District Judge for the Southern District of New York, awarded Mr. Arce a prevailing market rate of $300 per hour for work between July 31, 2012 and February 28, 2013. *Watkins v. Smith*, 2013 U.S. Dist. LEXIS 67182 (S.D.N.Y. May 10, 2013).

In *Townsend v. Benjamin Enters.*, No. 05 Civ. 9378 (GAY), 2009 U.S. Dist. LEXIS 127501, *8 (S.D.N.Y. Oct. 2, 2009) the court determined the market rate **in 2009** for civil rights litigators at a small firm to be **$350 per hour**.

In *Raniola v. Bratton*, 2003 U.S. Dist. LEXIS 7199, *21 (S.D.N.Y. Apr. 18, 2003) the court awarded **$400 per hour** for a partner in a small employment litigation firm.

In *Robinson v. City of N.Y.*, 2009 U.S. Dist. LEXIS 89981, *13-16 (S.D.N.Y. Sep. 29, 2009) the court awarded **$500 per hour** and **$450 per hour** for two lead attorneys.

Therefore, the prevailing market rate for Bryan S. Arce is **$400 per hour.**

***3. Alexandra L. Freedman***

The following cases establish that the prevailing market rate for a civil rights associate attorney in the Southern District of New York with five (5) years of experience is between **$300** and **$350** per hour. Alexandra L. Freedman graduated from New York Law School in 2009. Kirschenbaum Decl. ¶3. From 2009 until February 2013, Ms. Freedman was an Associate at Horwitz, Horwitz & Paradis, Attorneys at Law. Kirschenbaum Decl. ¶4. Ms. Freedman became an associate at Arcé Law Group, P.C. in February 2013 and almost exclusively represented

clients in civil rights litigation until she left the firm in November 2014. *Id.* While employed at Arcé Law Group, P.C. counsel managed a caseload of her own and handled all aspects of her client's civil rights cases. *Id.*

In *Townsend*, 2009 U.S. Dist. LEXIS 127501 at *8, the court determined the market rate **in 2009** for civil rights litigators at a small firm to be **$350 per hour**.

In *Merck Eprova AG*, 2013 U.S. Dist. LEXIS 18321 at *4-5, the court determined the market rate in **2009 and 2010**, **for fourth and fifth year associates was $350 per hour**.

In *Abdell v. City of N.Y.*, 2015 U.S. Dist. LEXIS 25510, *14 (March 2, 2015) the court determined the market rate in 2015 for associates was **$350 per hour.**

In *Andrews v. City of N.Y.*, 2015 U.S. Dist. LEXIS 101115, *22 (S.D.N.Y. Aug. 3, 2015), the Court awarded a reasonable attorney's fee of **$300 per hour** for a junior associate at an employment firm.

Accordingly, the prevailing market rate for a civil rights attorney with Ms. Freedman's experience is **$350 per hour.**

***4. Gregory W. Kirschenbaum***

The following cases establish that the prevailing market rate for a civil rights associate attorney in the Southern District of New York with nearly two (2) years of experience is between **$200** and **$300** per hour. Gregory W. Kirschenbaum graduated from Brooklyn Law School in 2013 and was admitted to practice law in the State of New York in June 2014. Kirschenbaum Decl. ¶6. Counsel has almost exclusively represented clients in civil rights litigation throughout his career. Kirschenbaum Decl. ¶¶8, 9. Additionally, although counsel has only been admitted to practice law since June 2014, the trial in the instant matter was already counsel's second federal trial. Kirschenbaum Decl. ¶9. Moreover, counsel has drafted numerous oppositions to

motions for summary judgment, an opposition to a motion to dismiss, as well as an appellate brief.

In *Rozell*, 576 F. Supp. 2d at 545-46, the District Judge awarded a reasonable attorney's fee of **$250 per hour** for an associate who had less than two (2) years of experience as an associate.

In *Leviatian*, 2013 U.S. Dist. LEXIS 105686 at *23, the District Judge awarded a reasonable attorney's fee of **$225 per hour** for an associate who graduated from law school in 2009 and was an associate at her firm for about two (2) years.

In *Saunders v. City of N.Y.*, 2009 U.S. Dist. LEXIS 115366, *8 (S.D.N.Y. Dec. 9, 2009), the District Judge awarded a reasonable attorney's fee of **$250 per hour** for a junior associate.

In *Andrews*, 2015 U.S. Dist. LEXIS 101115 at *22, the District Judge awarded a reasonable attorney's fee between **$250 and $300 per hour** for a junior associate.

Thus, the prevailing market rate for Gregory W. Kirschenbaum is **$250 per hour.**

***5. The billing rates of other practitioners***

The Akin Law Group, a plaintiff-side employment law firm in New York, New York, bills clients at a rate of $500 for the managing partner and $350 for associates. Akin Decl., Exhibit D of Kirschenbaum Declaration, ¶7. Mr. Smith has been practicing law as long as Mr. Akin has. Mr. Arce has significantly more legal experience than associates at Akin Law Group, and is managing partner of the Arcé Law Group, P.C. Ms. Freedman graduated from law school in 2009 and has more legal experience than associates at Akin Law Group. Finally, the undersigned graduated from law school in 2013 and has already tried two (2) employment law cases in federal court. The fee applicants seek $600 per hour for Mr. Smith which is supported by his significant employment law experience, $400 per hour for Mr. Arce which is supported by

him graduating from law school five (5) years earlier than associates at Akin Law Group and his management of his own firm, $350 for Ms. Freedman which is supported by her additional years of legal experience compared to associates at Akin Law Group, and $250 for the undersigned which is lower than associates with less experience bill at Akin Law Group. Evidence of these billing rates supports a finding that the proposed rates sought herein are reasonable.

***6. Counsel's own market rates***

Courts also consider the fee applicant's own rates. *Farbotko*, 433 F.3d at 208-210. One manner of establishing the fee applicant's rates is to look at the rates contained in the fee applicant's retainer agreements. *Rozell*, 576 F. Supp. 2d at 544-45. Although Mr. Smith, Mr. Arce, Ms. Freedman, and the undersigned solely represent clients on a contingency fee basis, the retainer agreement that all clients of the Derek Smith Law Group PLLC and Arcé Law Group, P.C., execute contains a rate of $500 per hour for any legal work performed at the client's request that is outside the scope of the subject matter of the retainer agreement. *See* Kirschenbaum Decl., ¶18. This supports a finding of **$500 per** hour for counsels' current rate.

Moreover, as noted above, in *Watkins*, 2013 U.S. Dist. LEXIS 67182 at *15, Mr. Arce's prevailing market rate was determined to be $300 per hour. However, that award was made for work performed in 2012 and 2013. Additionally, Mr. Arce has supervised numerous associates and Arcé Law Group, P.C. has successfully litigated multiple multi-million dollar awards since that fee award.

In sum, based on (1) precedent above, (2) the billing rates of other practitioners for attorneys with similar reputation, experience and skill, and (3) based on evidence of counsels' own rates, the fee applicant requests a finding that the reasonable rate for Mr. Smith is $600 per hour, Mr. Arce is $400, Ms. Freedman is $350, and the undersigned is $250 per hour.

**B. The Number Of Hours Reasonably Expended On The Litigation**

Counsel expended a total of 604 hours of time representing the Plaintiff in the instant litigation.[2] This time was divided up between (1) Ms. Freedman who expended 281.25 hours in the the prosecution of Plaintiff's case, (2) Mr. Arce who expended 33.5 hours in the prosecution of Plaintiff's case, (3) Mr. Smith who expended 122.5 hours for the trial of Plaintiff's case and (4) the undersigned who expended 166.25 hours for the trial of Plaintiff's case and the drafting of the instant fee motion[3]. *See* Kirschenbaum Decl. Ex. B; Arce Decl. Ex. B; Smith Decl. Ex. B.

For the 604 hours counsel reasonably expended on the instant litigation at prevailing market rate of $600 per hour for Derek T. Smith, $400 for Bryan S. Arce, $350 for Alexandra L. Freedman, and $250 for Gregory W. Kirschenbaum, the Plaintiff seeks $226,900 in fees for counsel. *Id*.

**C. Plaintiff's Expert Fee**

The fee associated with Plaintiff's expert witness should be included as part of the reasonable attorney's fee. "In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee." 42 U.S.C. §1988(c). In the instant case, Plaintiff sued Defendants under Section 1981 and thus the fees he paid his expert,

---

[2] The 604 hours does not include administrative tasks performed by paralegals or counsel such as making copies or providing support help for the instant litigation. In addition, there was, on occasion, times when counsel inadvertently neglected to record hours. Counsel did not attempt to reconstruct that time nor are fees for that time sought. As a result, the attorneys' fees sought here for 604 hours reflects less time than counsel actually spent on the instant litigation.

[3] Awards for time spent on motions for attorneys' fees range "between 8% and 24% of the award for time spent on the case itself." *Reiter v. Metro. Transp. Auth. Of the State of New York*, No. 01 Civ. 2762, 2007 U.S. Dist. LEXIS 71008, at *63 (S.D.N.Y. Sept. 25, 2007). The 22.25 hours spent on this fee motion falls well below the 8% to 24% range.

Dr. Stephen Reich, should be included as part of the reasonable attorney's fee. *See* Kirschenbaum Decl. Ex. C; Arce Decl. Ex. C; Smith Decl. Ex. C.

**D. The Reasonableness Of The Fee**

As noted above, in determining reasonableness of the requested fee this Court should consider (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to settlement and (6) public policy considerations. *Goldberger,* 209 F.3d at 50.

As to the first factor, counsel expended a reasonable amount of time on the instant litigation, given the length of time the case was pending, the amount of discovery undertaken, the number of witnesses and length of trial. The reasonableness of the hours expended is further supported by counsel not including time for administrative tasks, conversations with clients, or the time expended on Plaintiff's motion for summary judgment opposition. As a result, the hours for which fees are sought are reasonable and reflect far less time than counsel actually spent performing work on the instant case.

As to the second factor, although the litigation did not involve overly complex legal issues, the process was made more complex by Defendants' attorneys' repeated failure to properly litigate this matter. For example, as Your Honor is well aware, Plaintiff timely submitted his Final Pre-Trial Order without Defendants' input because Defendants' attorney failed to timely respond. Additionally, Plaintiff (1) made a motion for default judgment because Defendants failed to timely answer the Amended Complaint, (2) sent numerous deficiency letters to Defendants during discovery, (3) sent numerous letters to the Magistrate Judge concerning discovery issues, and (4) opposed a nearly frivolous motion for summary judgment.

As to the third factor, the risk of litigation, this case was litigated on a contingency fee basis. "Uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award." *Mills v. Capital One,* 2015 U.S. Dist. LEXIS 133530, *39-40 (S.D.N.Y. Sep. 30, 2015) (quoting *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012)). Likewise, "[r]isk falls along a spectrum, and should be accounted for accordingly." *Goldberger,* 209 F.3d at 54. Therefore, this factor weighs heavily in Plaintiff's favor as there was a great risk associated with litigating this case.

As to the fourth factor, the quality of representation is reflected in the jury finding for the Plaintiff on all counts and awarding both compensatory and punitive damages.

As to the fifth factor, Plaintiff was awarded $2.2 million in compensatory and punitive damages. Here, Plaintiff is requesting $226,900 in reasonable attorneys' fees, which is 10.3% of the overall award. This is reasonable given all the *Goldberger* factors.

As to the sixth factor, the public policy consideration here strongly counsels toward a full award of fees for the hours and fees requested to fulfill the purpose 42 U.S.C. §1988. Again, "[i]n the Second Circuit, the district court's discretion is narrow and a prevailing party in a [§1981] case **is presumptively entitled to reasonable attorney's fees under 42 U.S.C. §1988."** *Kassim*, 415 F.3d at 251 (emphasis added) (internal quotations omitted). Similarly, "[t]he fees awarded must be reasonable, but they must also serve as an inducement for lawyers to make similar efforts in the future." *In re Initial Pub. Offering Sec. Litig.*, 671 F. Supp. 2d 467, 511 (S.D.N.Y. 2009) (quoting *In re Visa Check/Matermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 524 (E.D.N.Y. 2003)). It seems clear from both the statutory language and Second Circuit precedent that public policy strongly favors an award of an attorney's fee in a case such as this.

Finally, "**the most critical factor in determining the reasonableness of a fee award in the degree of success obtained**." *Farrar*, 506 U.S. at 114; *Barfield*, 537 F.3d at 152. **Here, Plaintiff achieved full success by winning on all counts, federal, state and local, and being awarded a sizeable punitive damages award.**

Considering these factors together, Plaintiff's request for an award of attorneys' fees in the amount of $226,900, as well as Plaintiff's costs related to the expert retained, in the amount of $6,000 is reasonable.[4]

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court award $226,900 in attorneys' fees and $6,000 for reasonable costs of an expert for a total sum of $232,900.

Dated: New York, New York
December 22, 2015

Respectfully submitted,

**ARCÉ LAW GROUP, P.C.**
*Attorneys for Plaintiff*

By: */s/ Gregory W. Kirschenbaum*
Gregory W. Kirschenbaum, Esq.
30 Broad Street, 35th Floor
New York, NY 10004
(212) 248-0120

[4] The fee applicant has not sought a multiplier but leaves it to the Court's discretion in light of the purpose of the award of fees as a penalty, the result achieved and the quality of the representation.