UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

RAYMOND ROSAS,

                            Plaintiff,                          Index No.: 12 CIV 6557-VB-HBP

    -against-

BALTER SALES CO. INC., ARNOLD BALTER,
individually, MARK BALTER, individually, and
BARRY ROSENBERG, individually,

                            Defendants.

-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

LEGAL STANDARD............................................................................................................... 2

ARGUMENT ............................................................................................................................4

Rosas's Application For Attorneys' Fees Should Be Denied in its

Entirety Because it Is Not Supported By Contemporaneous Time Records ......... 4

CONCLUSION......................................................................................................................... 23

TABLE OF AUTHORITIES

CASES                                                                                          Page(s)

Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, No. 08- cv-4563, 2011 U.S. Dist. LEXIS 15943, at *4 (E.D.N.Y. Feb. 17, 2011)                           3

Ermenegildo Zegna Corp. v. 56th St. Menswear, Inc., No. 06-cv-7827, 2008 U.S. Dist. LEXIS 48411, at *13 (S.D.N.Y. June 26, 2008)                                     4

Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983)                          2

Joe Hand Promotions, Inc. v. Soviero, No. 11-cv-1215, 2012 U.S. Dist. LEXIS 123935, at *38- 39 (E.D.N.Y. July 31, 2012)                                           4

Kassim v. City of Schenectady, 415 F.3d 246, 256 (2d Cir. 2005)                                5

Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998)                                 2

N.Y. City Dist. Council of Carpenters Pension Fund v. Shroid Constr., No. 06-cv-13727, 2007 U.S. Dist. LEXIS 83750, at *9 (S.D.N.Y. Nov. 13, 2007)                  4

N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148, 1154 (2d Cir. 1983)                                                                    2, 3

Balter Sales respectfully submits this Memorandum of Law in Opposition to Rosas's Motion for Attorney's Fees, Costs and Interest.

PRELIMINARY STATEMENT

Plaintiff seeks attorneys fees in the amount of $292,000, for 604 hours billed at various rates for four attorneys affiliated with the Arce Law Group. Included in the $292,000 is $98,437.50 for work performed by Alexandra Freedman, a former associate at Arce Law group. However, with respect to the $292,000, Plaintiff miscounted: the total hours add up to 591. Further, plaintiff did not provide contemporaneous time records for work performed by Alexandra Freedman.

Accordingly, plaintiff's demand for attorneys fees should be reduced by $6,284.77 (approximately 2%) to correct the error in adding the hours worked, and should be reduced by $98,437.50 because Freedman's fees are not supported by contemporaneous time records. Further, the Court should reduce Rosas's requested fees to a reasonable proportion of those sought to address excessive, redundant, unnecessary and vague time entries and inflated values calculations of the hourly rates for each attorney that worked on this case.

ARGUMENT

The party seeking to recover attorneys' fees "bears the burden of establishing entitlement to [such] an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983). As a threshold matter, all attorneys' fees applications must be supported by contemporaneous time records, which "specify, for each attorney, the date, the hours expended, and the nature of the work done." See N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148, 1154 (2d Cir. 1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

District courts should exclude hours that were not reasonably expended. from this initial fee calculation hours that were not reasonably expended." Hensley, 461 U.S. at 433-34, 103 S. Ct. at 1939. (internal quotation omitted). "[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (internal quotations and citation omitted).

It is well-settled in the Second Circuit that a Court should deny an application for attorneys' fees in its entirety if it is unsupported by contemporaneous time records, or transcriptions of contemporaneous records that clearly reflect that they were derived from

contemporaneous time records. Carey, 711 F.2d at 1148, 1154 ("[A]ny attorney . . . who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records."); N.Y. City Dist. Council of Carpenters Pension Fund v. Shroid Constr., No. 06-cv-13727, 2007 U.S. Dist. LEXIS 83750, at *9 (S.D.N.Y. Nov. 13, 2007) (collecting cases and rejecting attorneys' fees application due to deficiencies in the supporting affidavits, including failure to include contemporaneous time records"); see also Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, No. 08- cv-4563, 2011 U.S. Dist. LEXIS 15943, at *4 (E.D.N.Y. Feb. 17, 2011) (rejecting affidavit in support of fee request because it failed to state that it was prepared from contemporaneous time records, even though the affidavit provided information regarding the attorney, date and hours expended and work performed).

Here, Rosas seeks $98,437.50 in attorneys fees for work performed by Alexandra Freedman, but does not offer contemporaneous time records from Ms. Freedman, any statement from Ms. Freedman that she kept contemporaneous time records, or any statement from anyone that the hours log provided was made from contemporaneous records kept by Ms. Freedman, or any affirmation from Ms. Freedman.  In place of these records, Plaintiff offers an affirmation by Gregory Kirchenbaum that states, "Ms. Freedman kept contemporaneous records of all the hours recorded in this chart."

Kirchenbaum Decl., ¶ 14.  Plaintiff fails to state that the hours set forth in the chart come from the contemporaneous records of Ms. Freedman.  Even if one were to presume that the hours recorded came from the records allegedly kept, they still were, in large part, created before Kirchenbaum began working at Arce Law Group.  Finally, and critically, Kirchenbaum's statement as to the fact that Ms. Freedman kept contemporaneous records of the hours recorded is conclusory and not supported by evidence, and at best is inadmissible hearsay, which cannot be relied upon for a determination that the hours were in fact contemporaneously recorded.  An application based on such records should be rejected.  See, e.g., Joe Hand Promotions, Inc. v. Soviero, No. 11-cv-1215, 2012 U.S. Dist. LEXIS 123935, at *38- 39 (E.D.N.Y. July 31, 2012) (rejecting fee application prepared "after-the-fact, in preparation to file this [attorneys' fees] motion", which "simply estimated the amount of time based on a review of its files and prior experience handling these types of matters."); Ermenegildo Zegna Corp. v. 56th St. Menswear, Inc., No. 06-cv-7827, 2008 U.S. Dist. LEXIS 48411, at *13 (S.D.N.Y. June 26, 2008) (rejecting fee application unsupported by contemporaneous time records); see also Shroid Constr., 2007 U.S. Dist. LEXIS 83750, at *8-9 (same).

Although Rosas's attorneys assert that the summary judgment motion was largely unsuccessful, this Court granted summary judgment with respect to Plaintiff's claims for sex discrimination, interference with protected rights against all Defendants, aiding and abetting, and with respect to Plaintiffs claims against Arnold Balter under the New York

4

5

State Human Rights law.  See Opinion, Document 76, dated 3/30/15.  This represents approximately half of the claims asserted at the outset of this case.  This court has the authority to reduce the fee awarded to a prevailing plaintiff if the plaintiff's success is partial.  <u>Kassim v. City of Schenectady</u>, 415 F.3d 246, 256 (2d Cir. 2005).  Plainly, a dismissal of half the claims at summary judgment is a basis for finding the plaintiff's success 'partial."

Based on the foregoing, this Court should reduce Rosas's fees by the difference between the actual hours and the hours claimed (13/604, or $6,284.77) to account for the incorrectly calculated number of hours, and by $98,437.50 to account for the unsupported fees attributed to Alexandra Freedman, for a total of $187,277.73.

Dated: January 29, 2016

                                              Respectfully submitted,

                                              */s/* Michael McGuire
                                              Michael McGuire, Esq.
                                              60 East 42nd Street, Suite 1825
                                              New York, NY 10165
                                              Phone: (212) 661-1903

                                              *Counsel for Defendants*