UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X      Index No.: 12-cv-6557-VSB-HBP
RAYMOND ROSAS,

                Plaintiff,

   -against-

BALTER SALES CO. INC., ARNOLD BALTER,
individually, MARK BALTER, individually, and
BARRY ROSENBERG, individually,

               Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES AND COSTS AS THE PREVAILING PARTY FOR THE ABOVE CAPTIONED MATTER**

**ARCÉ LAW GROUP, P.C.**
Gregory W. Kirschenbaum, Esq.
30 Broad Street, 35th Floor
New York, NY 10004
(212) 248-0120

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................... 1

**COUNTER-ARGUMENTS** ............................................................................................. 1

   **I.   MS. FREEDMAN'S HOURS ARE SUPPORTED BY CONTEMPORANEOUS TIME RECORDS** ........................................................................................................ 1

   **II.   PLAINTIFF'S ATTORNEYS EXPENDED 604 HOURS IN THE LITIGATION OF THE INSTANT MATTER** ...................................................................................... 3

   **III.   PLAINTIFF OBTAINED EXCELLENT RESULTS** ................................................ 3

**CONCLUSION** ................................................................................................................. 5

# TABLES OF AUTHORITIES

**Cases**

*Dancy v. McGinley*,
2015 U.S. Dist. LEXIS 150366 (S.D.N.Y. Sep. 21, 2015) ............................................................. 4

*Green v. Torres*,
361 F. 3d 96 (2d Cir. 2004) ............................................................................................................ 4

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ....................................................................................................................... 4

*Joe Hand Promotions, Inc. v. Soviero*,
2012 U.S. Dist. LEXIS 123935 (E.D.N.Y. July 31, 2012) ............................................................ 2

*Kassim v. City of Schnectady*,
415 F. 3d 246 (2d Cir. 2005) .......................................................................................................... 3

*Muñoz v. Manhattan Club Timeshare Ass'n*,
2014 U.S. Dist. LEXIS 132166 (S.D.N.Y. Sep. 18, 2014) ............................................................ 4

*New York State Ass'n for Retarded Children, Inc. v. Carey,*
711 F.2d 1136 (2d Cir. 1983) ........................................................................................................ 1

*Rosas v. Balter Sales Co. Inc.*,
No. 12 CV 6557 (S.D.N.Y. March 30, 2015) ................................................................................ 4

**Statutes**

42 U.S.C. §1981 .............................................................................................................................. 4

N.Y. Admin. Code § 8-107(13) ..................................................................................................... 4

N.Y. Admin. Code § 8-107(19) ..................................................................................................... 4

N.Y. Admin. Code § 8-107(7) ....................................................................................................... 4

N.Y. Exec. Law § 296(6) ............................................................................................................... 4

N.Y. Exec. Law § 296(7) ............................................................................................................... 4

N.Y. Exec. Law §296(2) ................................................................................................................ 4

N.Y.C. Admin. Code §8-107(1) .................................................................................................... 4

## INTRODUCTION

Plaintiff respectfully submits this Reply Memorandum of Law in further support of his motion for attorneys' fees and costs as the prevailing party for the instant matter. Defendants mistakenly argue that (1) the fees sought for Alexandra Freeman were not supported by contemporaneous time records, (2) Plaintiff "miscalculated" the hours expended, and (3) Plaintiff was only "partially" victorious. Accordingly, Plaintiff should be awarded the full amount of attorneys' fees and costs sought.

## COUNTER-ARGUMENTS

### I. MS. FREEDMAN'S HOURS ARE SUPPORTED BY CONTEMPORANEOUS TIME RECORDS

Even without an affidavit from Ms. Freedman, Plaintiff provided contemporaneous time records of the work she performed. To support a motion for attorneys' fees the contemporaneous time records must show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). Attached to the undersigned's declaration in support of Plaintiff's motion for attorneys' fees, was a document that showed Ms. Freedman's contemporaneous time records. (Kirschenbaum Decl. Ex. B). Simply put, Defendants' entire argument is not supported by the evidence.

Likewise, Defendants erroneously argue that "Plaintiff fails to state that the hours set forth in the chart come from the contemporaneous records of Ms. Freedman." (Defts' Br., p. 4). The undersigned's declaration states "Ms. Freedman kept contemporaneous records of all the hours recorded in this chart" and attached those time records. (Kirschenbaum Decl. ¶14; Ex. B). The amount of hours reflected in the contemporaneous time records is identical to the amount

stated in the Kirschenbaum declaration.  (*Id.*).  The plain language in the affirmation flies in the face of Defendants' argument.  Moreover, Defendants argue that because the undersigned was not an employee of the Arcé Law Group, P.C., when a majority of Ms. Freedman's hours accrued, the aforementioned statement is "conclusory and not supported by evidence."  (Defts' Br., p. 4).  But, again, Plaintiff included a copy of the contemporaneous time records created by Ms. Freedman and this statement is in fact supported by the evidence.  (Kirschenbaum Decl. Ex. B).  Therefore, the hire date of the undersigned has no bearing as to the hours Ms. Freedman expended in the litigation of this matter.

Similarly, a review of Defendants' cited caselaw shows the fallacy of their argument.  For instance, Defendants note that in the past the District Court denied a fee application because the hours were prepared "after-the-fact, in preparation to file this motion, and did not rely on contemporaneous time records in doing so, but simply estimated the amount of time based on a review of its files and prior experience handling these types of matters."  *Joe Hand Promotions, Inc. v. Soviero*, 2012 U.S. Dist. LEXIS 123935, *39 (E.D.N.Y. July 31, 2012).  Yet, this argument is a *red herring* because the record is devoid of such evidence and in fact, Plaintiff provided Ms. Freedman's contemporaneous time log that showed the hours she expended in the litigation of the case.  (Kirschenbaum Decl. Ex. B).

Nevertheless, in further support of Plaintiff's motion for attorneys' fees as the prevailing party in the instant matter, Ms. Freedman has provided an affidavit that should foreclose all of Defendants' arguments.  (Kirschenbaum Supp. Decl. Ex. E).  Therefore, Your Honor should reject Defendants' arguments and award Plaintiff attorneys' fees for the reasonable hours Ms. Freedman expended in the litigation of this matter.

## II. PLAINTIFF'S ATTORNEYS EXPENDED 604 HOURS IN THE LITIGATION OF THE INSTANT MATTER

A careful review of the contemporaneous time records submitted in support of his motion for attorneys' fees demonstrates that Plaintiff's attorneys reasonably expended 604 hours in the litigation of the instant matter. Defendants state that the total hours expended equals 591. (Defts' Br., p. 1). However, Plaintiff's subsequent review of both the individual time records submitted for each attorney and the total time records provided to the Court demonstrate that Plaintiff's attorneys expended 604 hours in the litigation of this matter. Defendants fail to identify how it determined that Plaintiff "miscalculated" and as such Defendants' argument that Plaintiff's attorneys only expended 591 hours should be soundly rejected.

Likewise, Defendants fail to identify any support for its conclusory assertion that Plaintiff's attorneys were excessive, redundant, unnecessary and vague in their time entries. Given Defendants' utter failure to present any sort of support for this claim, as well as the failure to identify any hours that were not "reasonably expended," the Court should deny Defendants' request for a reduction.

## III. PLAINTIFF OBTAINED EXCELLENT RESULTS

This Court should not reduce Plaintiff's attorneys' fees based on a "partial" victory because Plaintiff obtained excellent results. It is true that "a district judge's authority to reduce the fee awarded to a prevailing plaintiff below the lodestar by reason of the plaintiff's partial or limited success is not restricted either to cases of multiple discrete theories or to cases in which the plaintiff won only a nominal or technical victory." *Kassim v. City of Schnectady*, 415 F. 3d 246, 256 (2d Cir. 2005) (internal quotations omitted). But, "the degree of success obtained by the plaintiff is the most important factor in determining the appropriate fee." *Dancy v.*

*McGinley*, 2015 U.S. Dist. LEXIS 150366, * 21 (S.D.N.Y. Sep. 21, 2015) (quoting *Green v. Torres*, 361 F. 3d 96, 99 (2d Cir. 2004)).  In fact, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation … In these **circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."** *Muñoz v. Manhattan Club Timeshare Ass'n*, 2014 U.S. Dist. LEXIS 132166, *8-9, fn. 5 (S.D.N.Y. Sep. 18, 2014) (emphasis added) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

In the instant matter, Plaintiff was victorious **on every claim presented to the jury** and had minute aspects of his claims dismissed at summary judgment.  For instance, when Plaintiff filed his Amended Complaint on January 22, 2013, he alleged eight (8) causes of action[1] against four (4) Defendants and one (1) additional cause of action[2] against Defendant Barry Rosenberg. At summary judgment, Your Honor only dismissed Plaintiff's sex discrimination claims (but maintained Plaintiff's race discrimination claims), Plaintiff's interference with protected rights claim, Plaintiff's aiding and abetting claim against Defendant Rosenberg, and Plaintiff's New York State aiding and abetting claims against Defendant Arnold Balter.  *Rosas v. Balter Sales Co. Inc.*, No. 12 CV 6557 (S.D.N.Y. March 30, 2015) (granting partial summary judgment). Simply put, in contrast to Defendants' statement, Your Honor did not dismiss "half the claims at summary judgment."

Moreover, Defendants' failure to cite to **any** caselaw similar to this case is telling.  In contrast to Defendants' again conclusory statements, courts have looked at the size of an award

---

[1] Plaintiff alleged Defendant Balter Sales Co. Inc., Defendant Arnold Balter, Defendant Mark Balter, and Defendant Rosenberg violated his rights under 42 U.S.C. §1981, N.Y. Exec. Law §§296(2), 296(6) 296(7), N.Y.C. Admin. Code §§8-107(1), 8-107(7), 8-107(13) and 8-107(19).

[2] Plaintiff also alleged Defendant Rosenberg Assault and Battered him.

4

by the jury to indicate "complete success." *Id*. ("Given the facts of this case, there can be no serious dispute that an award of more than $600,000 constitutes a complete success."). In the instant case, Plaintiff was awarded $800,000 in compensatory damages and an additional $1.4 million in punitive damages. (Kirschenbaum Decl. Ex. A). Given the facts of this case it seems an award of $2.2 million is "complete success." Accordingly, although Your Honor did dismiss some of Plaintiff's allegations at the summary judgment stage, his victory **on every claim put to the jury, as well as the jury's $2.2 million verdict makes clear that Plaintiff was not "partially" victorious.**

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court award $226,900 in attorneys' fees and $6,000 for reasonable costs of an expert for a total sum of $232,900.

Dated: New York, New York
February 5, 2016

        Respectfully submitted,

        **ARCÉ LAW GROUP, P.C.**
        *Attorneys for Plaintiff*

By:   */s/ Gregory W. Kirschenbaum*
      Gregory W. Kirschenbaum, Esq.
      30 Broad Street, 35th Floor
      New York, NY 10004
      (212) 248-0120